FILED
CLERK
5/4/2023 4:13 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MR. JULIUS WHITE,

                          Plaintiff,

      -against-

POLICE OFFICER SEAN MULLEN *Suing Both
Personally and Professionally Nassau County
Police Officer-2nd Pct,* et al.,

                         Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-CV-4970 (GRB) (ARL)

**LINDSAY, Magistrate Judge:**

    The *pro se* plaintiff, Julius White ("White"), commenced this action on August 17, 2022, pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Police Department named as the "1/2nd Pct.-Nassau County-HQ 15," two Nassau County police officers, Sean Mullen, Jason Ury, Kohl's Department Store and two individuals alleged to work for loss prevention at Kohl's, Anthony Gonzalez and Richard Goldman.  White asserted claims for false arrest and excessive force in connection with his arrest in a Kohl's Department Store on June 21, 2022 for grand larceny, resisting arrest and assault with the intent to injure an officer.  ECF No. 1.  White claims that during the arrest he was punched in the face causing lacerations and swelling to his lip and knee.  *Id.*

    On September 6, 2022, White moved for leave to proceed *in forma pauperis*.  Although District Judge Brown found that White was qualified by his financial status to commence the action without prepayment of the filing fee, District Judge Brown, nevertheless, dismissed the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  Specifically, the Court dismissed White's false arrest claim finding that his guilty plea had rendered the claim

implausible. ECF No. 7. The Court also dismissed the claims asserted against Kohl's, Gonzales and Goldman finding that they were not state actors. *Id.* Finally, the Court dismissed the claims against the police "headquarters" finding that the entities had no independent legal identity apart from Nassau County. *Id.*

On December 13, 2022, the remaining defendants filed their answer. ECF No. 12. Three weeks later, the undersigned issued a scheduling order requiring White to serve and file a written narrative statement of facts by February 15, 2023. By letter dated March 28, 2023, the defendants advised the Court that White had failed to do so. Accordingly, on March 30, 2023, the undersigned issued an order that provided White with another opportunity to submit the written narrative statement by April 21, 2023. However, that order made clear that White was required to prepare a written narrative statement of the facts that he currently anticipated presenting at trial through the testimony of witnesses or documentary evidence. The order also indicated that the statement was to include a list of all exhibits that White anticipated introducing into evidence at trial, a list of the names and addresses of all witnesses White intended to call and a written summary of the anticipated testimony of each witness. Finally, the Court warned White that failure to comply with the order could result in a recommendation that the case be dismissed with prejudice for failure to prosecute. White has, once again, failed to comply with the Court's March 30, 2023 order.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors:

> [whether] (1)the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in

2

>dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).

In this case, White had been warned that his failure to comply with the Court's order for the second time could result in the dismissal of his action. Nevertheless, White has failed to respond despite also receiving a letter from the defendants served via certified mail, with return receipt received, urging him to serve his outstanding document. Under these circumstances, the matter cannot proceed. Certainly, the defendants would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the defendants and mailed to the plaintiff via certified mail, return receipt requested. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118

3

F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York  
      May 4, 2023

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge